STATE OF LOUISIANA     *     NO. 2019-K-0405

VERSUS     *

    **COURT OF APPEAL**

WOODROW JOHNSON     *

    **FOURTH CIRCUIT**

    *

    **STATE OF LOUISIANA**

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 524-829, SECTION "J"
Honorable Darryl A. Derbigny, Judge
* * * * * *
**Judge Tiffany G. Chase**
* * * * * *
(Court composed of Judge Regina Bartholomew-Woods, Judge Paula A. Brown,
Judge Tiffany G. Chase)


Leon A. Cannizzaro, Jr.
Donna Andrieu
Scott G. Vincent
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR RELATOR/STATE OF LOUISIANA


Douglas S. Hammel
HAMMEL LAW FIRM, LLC
3129 Bore Street
Metairie, LA 70001

      COUNSEL FOR RESPONDENT/DEFENDANT


        **WRIT GRANTED;**
        **JUDGMENT REVERSED**
        **AUGUST 7, 2019**

Relator, State of Louisiana, seeks review of the district court's March 28, 2019 ruling granting the motion to suppress evidence seized from the deceased victim's Instagram account.

## Facts and Procedural History

Defendant, Woodrow Johnson, is charged with second degree murder. During the course of the investigation, the New Orleans Police Department (hereinafter "NOPD") obtained a search warrant for the deceased victim's Instagram account after receiving information that, on the day of the shooting, the deceased victim sent a threatening message to Defendant prior to the shooting.[1] On June 8, 2018, Defendant filed a supplemental motion to suppress evidence, statements and identification, arguing that the six separate search warrant applications were insufficient to support probable cause because the NOPD did not provide a factual basis for the search warrants. Defendant maintained that the NOPD submitted conclusory statements and failed to identify the manner in which

---

[1] The New Orleans Police Department also obtained five other search warrants which are not the subject of review.

1

the information was obtained.[2] At the March 28, 2019 hearing, the district court, without comment, denied the motion with respect to five of the six search warrants, but granted the motion to suppress evidence obtained pursuant to the search warrant for the deceased victim's Instagram account.

## Discussion

In this writ application, the State of Louisiana argues that the district court erred in granting the motion to suppress evidence as to the deceased victim's Instagram account records, which were obtained pursuant to a search warrant.[3] A judge may issue a search warrant only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La. C.Cr.P. art. 162(A). On a motion to suppress evidence, the defendant bears the burden of proof when evidence is seized pursuant to a search warrant. La. C.Cr.P. art. 703(D).

An individual's right to privacy is constitutionally protected by both the state and federal constitution. The United State Supreme Court has long held that a person has standing to challenge a violation of privacy only if the defendant's own constitutional rights were violated as a result of the search or seizure. *State v. Owen*, 453 So.2d 1202, 1205 (La. 1984) (citing *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980)). However, "there is no equivalent under Louisiana constitutional law to the federal rule that one may not raise the violation of a third person's constitutional rights." *Owen*, 453 at 1205.

---

[2] Defendant initially filed a motion to suppress evidence on June 1, 2015, alleging that evidence was seized based on a search warrant that lacked probable cause and without a valid exception to the warrant requirement.

[3] On May 13, 2019, this Court ordered Defendant to file a response to the State of Louisiana's writ application by May 21, 2019. Defendant sought an extension and was granted until June 11, 2019 to file his response. A response from Defendant was never filed.

The Louisiana Constitution provides that every person has the right to be secure against unreasonable searches or seizures. La. Const. art. I § 5. Thus, it affords standing to any person who is adversely affected by an invalid search or seizure to challenge the legality of that search or seizure. *Id*. However, "there must be an invasion of someone's right[ ] to privacy before there can be an unreasonable search." *State v. Perry*, 502 So.2d 543, 558 (La. 1986). Thus, in the case *sub judice*, Defendant is tasked with demonstrating that the search of the deceased victim's Instagram account invaded his right to privacy and, if so, that he was adversely affected by the search.

In order for an invasion of privacy to exist, the person must possess an objectively reasonable expectation of privacy in the area. *See Perry*, 502 So.2d at 558 and *State v. Ragsdale*, 381 So.2d 492, 497 (La. 1980). "The test for determining whether one has a reasonable expectation of privacy is not only whether the person had an actual or subjective expectation of privacy, but also whether that expectation is of a type which society at large is prepared to recognize as being reasonable." *Ragsdale*, 381 So.2d 497.

Defendant has not demonstrated an objectively reasonable expectation of privacy in the deceased victim's Instagram account. A right to privacy in the deceased victim's Instagram account was not extended to Defendant, nor to anyone, at the time the search warrant was issued because the account holder was deceased. Additionally, the Instagram account did not belong to Defendant and he therefore had no actual or subjective privacy expectation regarding the account. Also, it cannot be said that the expectation of privacy that Defendant asserts is the type that society is prepared to recognize as reasonable. Defendant has likewise failed to demonstrate that he was adversely affected by the search. The deceased

victim's Instagram account records did not contain threatening communications from the deceased victim to Defendant, nor did it contain evidence that associated Defendant with criminal activity. Based on the foregoing, we find Defendant has not established that the search of the deceased victim's Instagram account invaded his right to privacy or that Defendant was adversely affected by the search. Thus, the district court erred in granting the motion to suppress evidence obtained from the deceased victim's Instagram account.

## Decree

Accordingly, the writ is granted. The district court's March 28, 2019 ruling granting Defendant's motion to suppress evidence seized from the deceased victim's Instagram account is reversed.

**WRIT GRANTED;**
**JUDGMENT REVERSED**